PEOPLE v BALL

Docket No. 80814. Submitted October 4, 1985, at Lansing.—Decided
     April 8, 1986.
     Defendant, Phillippe F. Ball, was charged in the 52-2 District
     Court with malicious destruction of lawns and turf and reckless
     driving. Following a jury trial, he was convicted of reckless
     driving. However, the jury was unable to reach a verdict on the
     malicious destruction charge. Defendant appealed to the Oak-
     land Circuit Court alleging that (1) the evidence did not estab-
     lish the crime of reckless driving and that (2) the trial court
     erred in failing to instruct the jury that a missing res gestae
     witness's testimony should be presumed favorable to defendant.
     The circuit court, Alice L. Gilbert, J., reversed defendant's
     conviction because of the district court's failure to give the res
     gestae instruction, subject to the prosecutor's right to seek a
     post-remand hearing as to whether due diligence had been used
     to secure the witness's presence and whether defendant had
     been prejudiced by the witness's absence. The circuit court also
     found that the evidence was sufficient to establish the crime of
     reckless driving beyond a reasonable doubt. The people appeal
     therefrom by leave granted. *Held:*
       1. The circuit court improperly applied the res gestae rule to
     this misdemeanor case. The prosecutor was under no duty to
     produce the witness. There was no reversible error arising from
     the failure to produce the witness. The circuit court erred in
     ruling that the res gestae instruction should have been given.
     The circuit court's reversal of defendant's conviction is reversed
     and the district court's conviction of defendant is affirmed.
       2. The Court of Appeals determined that it could not consider
     defendant's claim that the evidence was insufficient to convict
     him of reckless driving, given defendant's failure to file a claim
     of cross-appeal after March 1, 1985, the date that the new court
     rules became effective and MCR 7.207(A)(1) extended the right
     of filing cross-appeals to criminal defendants. However, the
     Court of Appeals indicated its belief that defendant's claim is
     without merit and that the evidence was sufficient for a ra-
     tional trier of fact to find defendant guilty of reckless driving
     beyond a reasonable doubt.
       Reversed.

1. CRIMINAL LAW — PROSECUTING ATTORNEYS — WITNESSES — RES GESTAE WITNESSES — ENDORSEMENT OF WITNESSES.

The duty of a prosecutor to endorse res gestae witnesses is statutory; the duty attaches pursuant to the statute relating thereto when a felony prosecution results from an information; there is no statute or case law requiring the endorsement of witnesses when a misdemeanor prosecution proceeds directly from a complaint rather than an information (MCL 767.40; MSA 28.980).

2. CRIMINAL LAW — APPEAL — CROSS-APPEALS — COURT RULES.

The Michigan Court Rules, including the rule which extends the right of filing cross-appeals to criminal defendants, became effective on March 1, 1985; a cross-appeal filed prior to that date by a defendant may not be considered by the Court of Appeals (MCR 7.207[A][1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Lisa Varnier,* Assistant Prosecuting Attorney, for the people.

*Alan G. Greenberg,* for defendant.

Before: M. J. KELLY, P.J., and ALLEN and R. M. SHUSTER,* JJ.

PER CURIAM. Defendant, Phillippe Francois Ball, was charged with malicious destruction of lawns and turf, MCL 750.382; MSA 28.614, and reckless driving, MCL 257.626; MSA 9.2326. Following a jury trial in district court, he was convicted of reckless driving. The jury was unable to reach a verdict on the malicious destruction charge. Defendant appealed to circuit court. There he argued that (1) the evidence did not establish the crime of reckless driving and that (2) the trial court erred in failing to instruct the jury that a missing res gestae witness's testimony should be presumed

---

* Circuit judge, sitting on the Court of Appeals by assignment.

favorable to defendant. The circuit court reversed defendant's conviction because of the district court's failure to give the res gestae instruction, subject to the prosecutor's right to seek a post-remand hearing as to whether due diligence had been used to secure the witness's presence and whether defendant had been prejudiced by the witness's absence. The circuit court also found that the evidence was sufficient to establish the crime of reckless driving beyond a reasonable doubt. We granted the prosecutor's application for leave to appeal.

First we consider whether the circuit court erred in applying the res gestae rule to a misdemeanor case such as this one. We believe that the circuit court improperly applied the res gestae rule to this misdemeanor case. The prosecutor's duty to endorse and produce all res gestae witnesses arises from statute, MCL 767.40; MSA 28.980:

"Sec. 40. All informations shall be filed in the court having jurisdiction of the offense specified therein, after the proper return is filed by the examining magistrate, by the prosecuting attorney of the county as informant; he shall indorse thereon the names of the witnesses known to him at the time of filing the same. The information shall be subscribed by the prosecuting attorney or in his name by an assistant prosecuting attorney. Names of additional witnesses may be indorsed before or during the trial by leave of the court and upon such conditions as the court shall determine."

We stated in *People v Chapman*, 73 Mich App 547, 553; 252 NW2d 511 (1977), *lv den* 400 Mich 835 (1977), *cert den* 434 US 956 (1977), that:

"However, the duty to indorse res gestate witnesses is statutory, MCL 767.40; MSA 28.980, and we are aware of no statute or case requiring the indorsement of

witnesses when a misdemeanor prosecution proceeds directly from a complaint rather than an information."

Under the statute, the duty attaches where a felony prosecution results from an information. Because we find that the prosecutor was under no duty to produce the witness, Ms. McElmeel, we find no reversible error arising from the failure to produce her. Therefore, we think that the circuit court erred in ruling that the res gestae instruction should have been given, and we therefore reverse the circuit court's reversal of defendant's conviction and affirm the district court's conviction of defendant.

Defendant also claims on appeal that the evidence was insufficient to convict him of reckless driving. We cannot consider this improperly raised claim, given defendant's failure to file a claim of cross-appeal after March 1, 1985, the date that the new court rules became effective and MCR 7.207(A)(1) extended the right of filing cross-appeals to criminal defendants. Moreover, we think that this claim is without merit and that the evidence was sufficient for a rational trier of fact to find defendant guilty of reckless driving beyond a reasonable doubt.

Reversed.